

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00156-CR

BLAIN RAE KENNEDY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2019-C-039

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

On January 8, 2020, Blain Rae Kennedy pled guilty to intentionally or knowingly possessing methamphetamine in an amount less than one gram.[1]  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.).  The trial court sentenced Kennedy to two years' confinement in state jail, suspended that sentence, and placed Kennedy on four years' community supervision.  The State moved to revoke Kennedy's community supervision, and Kennedy pled true to two of the State's allegations for revocation.  The trial court revoked Kennedy's community supervision and sentenced him to two years' confinement in state jail.  Kennedy appeals.

Kennedy's attorney filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal.  The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings.  Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*.  *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 18, 2024, counsel mailed copies of the following to Kennedy:  (1) counsel's *Anders* brief, (2) counsel's motion to withdraw, and (3) a motion for pro se access to the appellate record lacking only Kennedy's signature.  Counsel also advised Kennedy that he had

---

[1]The offense occurred in June 2018.

until February 2 to mail the motion for pro se access back to this Court. On February 16, 2024, this Court advised Kennedy that his pro se response to the *Anders* brief was due "on or before March 8, 2024." We received neither a pro se response from Kennedy nor a motion requesting an extension of time in which to file such a response. We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment.[2]

Charles van Cleef
Justice

Date Submitted:    March 8, 2024
Date Decided:    April 3, 2024

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.